UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DARRELL D. STILES, RON V. LEWIS, JAMIE G. SMITH and MILTON BARTLETT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.     409CV028

BP EXPRESS, INC.,

Defendant.

## ORDER

### I. INTRODUCTION

Defendant BP Express, Inc., a Tennessee corporation doing business in Georgia, provides commercial carrier transportation services. Doc. # 13 at 2. Plaintiffs were drivers for BP Express and claim that Defendant failed to pay overtime and/or minimum wages rates in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219. Before the Court are Defendant's motions to dismiss pursuant to F.R.Civ.P. 12(b)(3) and (b)(6).[1]

### II. MOTION TO DISMISS FOR IMPROPER VENUE

Issues pertaining to venue and jurisdiction are decided at the outset. *Gen. Pump & Well, Inc. v Laibe Supply Corp.*, 2007 WL 4592103, at *2 (S.D. Ga. 12/28/07). The Court thus addresses Defendant's 12(b)(3) motion to dismiss for improper venue before turning to Defendant's 12(b)(6) motion. Defendant's 12(b)(3) motion is predicated upon a forum selection clause included in the final paragraph of Defendant's standard operating agreement. *See* doc. # 12-2 at 21 (independent contractor operating agreement signed by Plaintiff Stiles). That clause provides that "any legal proceeding, whether state or federal, involving this Agreement shall be brought in the State of Tennessee." *Id.* Defendant contends that because the parties selected Tennessee as the forum for litigating their disputes, Plaintiffs' claims should be dismissed because they were raised in the instant Court, an improper forum.

### A. Defendant's Motion Construed as Motion to Transfer Venue

Before continuing with an analysis of the validity and enforceability of the forum selection clause, the Court pauses to consider whether dismissal for improper venue is procedurally proper or whether Defendant's motion is better construed as one to *transfer* venue. When a forum selection clause specifies that litigation be brought in the state or federal courts of a particular state, as it does here, federal courts have diverged as to whether a F.R.Civ.P. 12(b)(3) motion should be read in conjunction with 28 U.S.C. § 1404(a) or § 1406(a). *See Gen. Pump & Well*, 2007 WL 4592103, at *2 (comparing jurisdictions that employ these diverging views). Section 1404(a) provides that a district court *may transfer* a civil action to another district for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). Section 1406(a), meanwhile, provides that a district court *shall dismiss or transfer* a case filed in the wrong district or division. 28 U.S.C. § 1406(a).

This Court has previously taken the position that a motion to dismiss by reason of

---

[1] Defendant styles its motion as one "to dismiss or for summary judgment." Doc. # 12. Defendant's motion, however, does not conform to Local Rule 56.1. That rule requires a "separate, short, and concise statement of the material facts as to which it is contended there exists no genuine issue to be tried as well as any conclusions of law thereof." S.D.GA.L.R. 56.1. Defendant provides no such statement, so the Court considers Defendant's motion as one to dismiss only.

a forum selection clause is best considered in the context of 28 U.S.C. § 1404(a). *See Gen. Pump & Well*, 2007 WL 4592103, at *3. A forum selection clause, therefore, does not mandate dismissal for "improper" venue (i.e., a venue other than that specified in the clause), so long as there is an otherwise proper federal forum to which the case may be transferred.[2] *Id.* Because the Eastern District of Tennessee is an otherwise proper federal forum here,[3] Defendant's 12(b)(3) motion to dismiss for improper venue is hence construed as a motion to transfer venue under 28 U.S.C. § 1404(a).

**B. Venue Transfer is Appropriate**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Although the circuits assign varying weight to forum selection clauses, the Eleventh Circuit gives nearly conclusive weight to such a clause when deciding a § 1404(a) motion to transfer venue. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989), *remanded from Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) ("[W]hile other factors might 'conceivably' militate against a transfer, ... the clear import of [*Stewart*] is that the venue mandated by a choice of forum clause rarely will be outweighed by other [§] 1404(a) factors."). This Court's analysis then is fairly straightforward: If the forum selection clause is indeed valid, then this Court should transfer this case to a federal court in Tennessee.

Forum selection clauses are presumptively valid and enforceable unless a party makes a strong showing that enforcement would be unfair or unreasonable under the circumstances. *See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 593-95 (1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Forum selection clauses are unenforceable when: "(1) their formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of such provisions would contravene a strong public policy." *Lipcon,* 148 F.3d at 1296 (citing *Shute,* 499 U.S. at 594-95). Plaintiffs suggest only that "it is disingenuous to assert that [they] are bound by [the] forum selection clause" because Defendant withheld certain information and failed to comply with state minimum wage requirements. Doc. # 17 at 13. This, however, is not a reason to invalidate the forum selection clause in question. There is no indication that the formation of the forum selection clause was induced by fraud or overreaching,[4] and no reason to believe that Tennessee is an inconvenient or unfair forum. The law applied will be the same in either court, and no public policy is offended by enforcement of the clause. The forum selection clause is therefore valid, and this case should be transferred to a federal court in Tennessee.

---

[2] This position is in accord with that adopted by the Eleventh Circuit. *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285 (11th Cir. 1998) (dismissing case where forum selection clause specified a foreign court). Defendant cites *Lipcon* for the proposition that the Court should dismiss -- rather than transfer -- cases that have been filed in a court not contemplated by a relevant forum selection clause. Doc. # 13 at 13-14. *Lipcon*, however, is distinguishable from the instant case as no alternative federal forum was available for transfer there. 143 F.3d at 1295-96.

[3] Defendant's corporate office is in Knoxville, Tennessee, which is within the Eastern District of Tennessee. Doc. # 2 at 4.

[4] In fact, the forum selection clause was placed directly above the area for the parties' signatures. Doc. # 12-2 at 21.

2

## III. CONCLUSION

The Court construes Defendant's 12(b)(3) motion to dismiss for improper venue as a motion to transfer venue. That motion is ***GRANTED***, doc. # 12. The parties have ten days from the date of this Order to recommend a federal forum in Tennessee for this case to be transferred. If the Court receives no response during that time, the clerk shall ***TRANSFER*** this case to the District Court for the Eastern District of Tennessee. Because this case will be transferred, the Court makes no ruling on Defendant's 12(b)(6) motion. *Id.*

This day of 4 January 2010

*/s/ B. Avant Edenfield/*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA