UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


DARRELL D. STILES, et al.,       )
    Plaintiffs,                  )
                                 )
v.                               )    No. 3:10-CV-28
                                 )    (Phillips)
BP EXPRESS, INC.,                )
    Defendant.                   )


# MEMORANDUM AND ORDER

Defendant BP Express, Inc., a Tennessee corporation, provides commercial carrier transportation services. Plaintiffs were drivers for BP Express and claim that defendant failed to pay overtime and/or minimum wage rates in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. Before the court is the defendant's motion to dismiss or for summary judgment.[1]

Defendants aver that plaintiffs have failed to state a claim against BP Express because they were not employees of defendant, but rather were independent contractors to whom the FLSA does not apply. Plaintiffs, on the other hand, assert that they are entitled to FLSA protection because they were employees of defendant. In FLSA cases, the Sixth Circuit utilizes the "economic realties" test. Under this test, the court considers

---

[1] Defendant has styled its motion as one "to dismiss or for summary judgment." Defendant's motion, however, does not conform to this court's dispositive motion rules which require "a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Defendant provides no such statement, so the court will consider defendant's motion as one to dismiss only.

six factors to gauge whether an employment relationship exists: (1) the permanency of the relationship; (2) the degree of skill required for the particular job; (3) the worker's capital investment; (4) the opportunity for profit or loss; (5) the employer's right to control; and (6) whether the worker was an integral part of the employer's business.  *Donovan v. Brandel*, 736 F.2d 1114, 1117-20 (6th Cir. 1984); *see also Imars v. Contractors Mfg. Servs. Inc.,* 165 F.3d 27, 1998 WL 598778 (6th Cir. Aug. 24, 1998).  Here, the court finds that defendant's assertion that plaintiffs are independent contractors requires an analysis that cannot be undertaken without the benefit of discovery, making this motion premature.  Accordingly, defendant's motion to dismiss [Doc. 12] is **DENIED** at this time.  Defendant may file a proper motion for summary judgment once the parties have conducted discovery in the case.

       **IT IS SO ORDERED.**

                                            **ENTER:**

                                                  s/ Thomas W. Phillips
                                               United States District Judge